PEENEY et al. v. CITY OF LAKEVIEW.

(Circuit Court, N. D. Illinois. June 30, 1888.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—APPARATUS FOR FREEING WATER MAINS OF OBSTRUCTIONS.

Patent No. 312,158, granted February 10, 1885, to Samuel B. Peeney, which is for an arrangement of pipes and valves to free suction mains and strainers of sand, leaves, etc., and other obstructions, consisting of a plan for reversing the current of water in the suction mains without stopping the pumping machinery, by means of a series of by-pass pipes and valves, is not anticipated by a method of flushing the mains and reversing the current by gravitation, simply allowing the water to flow back to the source of supply.

2. SAME—PRIOR USE.

To defeat a patent by two years' prior use of the invention it is not sufficient that the plan had been formed by the inventor, and a model made for that period, where no working apparatus was actually made and used two years before the application for the patent was made.

In Equity. Bill to enjoin infringement of patents.

C. C. Linthicum, for complainants.

H. H. Anderson, for defendant.

BLODGETT, J. This is a bill in equity seeking an injunction and accounting for the alleged infringement of patent No. 312,158, granted February 10, 1885, to Samuel B. Peeney, assignor of one-half to Jones Patrick, for an "improvement in mains for water distribution." The invention is described in the specifications as relating to—

"Improved arrangement of pipes and valves to be used in freeing suction mains and strainers of obstructions, such as sand, silt, and gravel in the said suction mains, and leaves, weeds, and other like suspended matter, and ground or anchor ice on the said strainers. Heretofore there has been no adequate apparatus for flushing the suction mains and strainers located in the bed of a lake or pond without stopping the pumps, and it therefore often becomes necessary to stop the water supply of towns and villages which draw their supply from lakes and ponds, when it is pumped directly into the supply mains, and where occasional high winds in winter cause a stoppage, or greatly diminish the regular supply, by reason of a collection of ground or anchor ice upon the strainer, and at other seasons of the year by reason of the collection of leaves, weeds, and other like obstructions upon said strainers. The object of my invention is to provide means of reversing the current of water in the suction mains for the purpose of forcing out the obstructions without stopping the pumping machinery, and without materially interfering with the distribution of the water in the town or village."

The inventor then proceeds to describe his device by showing a series of what he calls by-pass pipes and valves, by means of which the force of the pump can be used to drive a column of water outwardly through the suction pipes, thereby expelling obstructions which may have gathered in the pipes, or upon the strainers. The patent contains but one claim, which is:

"In a system of water distribution, the crib, pump, and suction and delivery pipes, combined, substantially as set forth, with an independent flushing pipe, connecting the suction and delivery pipes and valves located in said in-

dependent flushing and suction pipes, whereby the current normally drawn through the crib may be reversed, and the crib and suction pipes cleared of obstructions, as specified."

The main defense interposed is—*First*, that of two years' prior use before the patent was applied for; and, *second*, want of novelty. The public use insisted upon is substantially this: That Peeney was the engineer in charge of the water-works at the city of Evanston, in the state of Illinois, and while so in charge he devised and put in operation the apparatus now covered by his patent; and it is claimed that this flushing apparatus was put in by Peeney at the Evanston water-works as early as 1881. There is some contradiction in the testimony upon this question, but it mainly, I think, grows out of the cross-examination of Peeney himself, where he became confused as to the time when he made his model or small illustrative apparatus, and the time when the actual working apparatus was put in. I have no doubt from the proof that as early as 1881 Peeney had made a drawing, and substantially made a small model—not a working apparatus—of his device; but the preponderance of the testimony, to my mind, clearly establishes the fact that the working apparatus was not put into the Evanston works until about the first of May, 1884, so that there was no public use until after that time, and, as the patent was applied for February 28, 1885, there had not then been two years' public use of the device. That Peeney had his device substantially idealized, and, to a certain extent, illustrated, by his model, may be true; and that his testimony is somewhat confusing as to the time when he put it in operation is also apparent; but the other evidence from the contractor who put in these extra pipes, and from other sources, satisfies me that really there was but a very short use of this device prior to the time when the patent was applied for. The prior use set up at the water-works in Hyde Park and the town of Lake, also, was not a use of this apparatus, as I understand the testimony, but was an arrangement for flushing the inlet pipes by allowing the water to flow back to the lake by the force of its own gravity.

The proof shows several instances where water-pipes have been flushed for the purpose of clearing them from obstructions by reversing the current by the gravity of the water; in other words, to allow the water to flow out backward to the source of supply, instead of driving it by the force of the pumps. In this case, however, the claim covers the combination of pumps with the other elements as an essential part of the device, and it is clear that works where gravity only has been relied upon as the means for securing the flushing force of the return water or outflow of the water, are not covered or claimed by this patent.

As the proof shows that the defendant's works use the device covered by the complainants' patent, where the force pump is applied to expel the water through the suction-pipes so as to clear them of obstructions, there is a manifest infringement of the claim of this patent; and as the only proof tending to defeat the patent is that of this two years' use, which I do not consider established, I must hold that the defendant infringes, and the complainants are entitled to an accounting.